# In the United States Court of Federal Claims

No. 15-16C
(Filed: September 20, 2017)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * *<br>*<br>**AUTHENTIC APPAREL GROUP, LLC,**<br>*<br>**Plaintiff,**<br>*<br>v.<br>*<br>**THE UNITED STATES,**<br>*<br>**Defendant.**<br>*<br>* * * * * * * * * * * * * * * * * * * * * * * * * | | Motion In Limine; Expert Disclosures; Fed. R. Evi. 701, 702; RCFC 26(a)(2); Distinction Between Lay and Expert Opinion Testimony. |

J. Joseph Bainton, Barclay Damon LLP, 1270 Avenue of the Americas, Suite 600, New York, N.Y. 10020, for Plaintiff.

Chad A. Readler, Robert E. Kirschman, Jr., Douglas K. Mickle, and Alexander Orlando Canizares, United States Department of Justice, Commercial Litigation Branch, Civil Division, P.O. Box 480, Ben Franklin Station, Washington, D.C. 20044, for Defendant. James M. Ives and Laurel Q. Simmons, United States Army Legal Services Agency, 9275 Gunston Road, Fort Belvoir, V.A. 22060, Of Counsel.

---

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION IN LIMINE**

---

**WILLIAMS,** Judge.

This matter comes before the Court on Defendant's motion in limine to preclude Plaintiff from introducing expert testimony at trial that has not been properly disclosed as required by Rule 26(a)(2)(B) of the Rules of the United States Court of Federal Claims.[1]

---

[1] Plaintiff also sought sanctions against Defendant in its response brief on the ground that Defendant had taken an "objectively unreasonable legal position" that was not made in "good faith." Because Defendant's motion implicated a thorny legal issue and was designed to prevent the improper eliciting of expert testimony, the motion had a reasonable basis in law and fact.

Because Plaintiff's witnesses may testify based upon their industry experience to the extent allowed under Federal Rule of Evidence 701, Defendant's motion in limine is denied.

## Background

For purposes of this litigation, Defendant has retained Stuart Seltzer, a purported expert in the licensing industry, to provide his opinions on whether the Army's position on Plaintiff's use of its trademarks was commercially reasonable and consistent with trademark licensing practice. Mr. Seltzer also opined on whether the Army prevented Plaintiff from fully utilizing the trademarks or rendered Plaintiff's products unmerchantable, and on whether the Army's rejection of 8.4% of Plaintiff's submissions was reasonable and consistent with the approval ratio in trademark licensing arrangements within Mr. Seltzer's experience. Additionally, Defendant asked for Mr. Seltzer's opinion regarding the extent to which factoring agreements are used by Licensees who sell licensed products. Mr. Seltzer's expert report containing his opinions was sent to Plaintiff.

On July 13, 2017, Plaintiff sent Defendant its "Notice of Expert Disclosure." In it, Plaintiff identified three witnesses - - Robert Stock, John La Lota, and Michael Setola - - some or all of whom Plaintiff "may call" at trial as rebuttal witnesses to Mr. Seltzer. Although Plaintiff denominated this filing as an "Expert Disclosure," Plaintiff does not intend to elicit expert opinion testimony from these witnesses. Rather, depending on Mr. Seltzer's testimony, Plaintiff may call these witnesses "to testify about their personal observations in the industries in which they have worked for their entire lives." Pl.'s Resp. 2.

According to Plaintiff's disclosure, Robert Stock is currently CEO of Robert Graham and has worked in the fashion industry, including as an award-winning designer, for over 50 years. Since 1979, Mr. Stock has been involved with the licensing of clothing, menswear accessories, and home goods around the world. John La Lota is currently President of the Factoring and Trade Finance Division at Sterling National Bank. He has overseen the acquisition of two factoring businesses in recent years and has previously held positions at Heller Financial and Congress Talcott. He is an active member of the International Factoring Association and has over 35 years of experience in the factoring and asset based lending industry. Michael Setola is President and CEO of Tharanco Lifestyles, LLC. He has over 35 years of experience in consumer brands, primarily in the apparel sector. Since 2009, he has served as a Partner and President/CEO of Lifestyle Brands Holdings and Tharanco Lifestyles LLC. Among other services, his company provides brand management and licensing consultation. Previously, Mr. Setola served as President of Oxford Industries, whose brands held licenses for Tommy Hilfiger, Nautica, and other designer labels.

Plaintiff represented that these three rebuttal witnesses would "testify about matters that they have rationally perceived during the courses of their respective careers in the apparel,

---

Plaintiff's motion for sanctions is denied. See Tokai Corp. v. Eaton Enters., Inc., 632 F.3d 1358, 1366 (Fed. Cir. 2011) (explaining that "attempts to proffer expert testimony without compliance with Rule 26 violate both the rules and principles of discovery, and the obligations lawyers have to the court. Exclusion and forfeiture are appropriate consequences to avoid repeated occurrences of such manipulation of the litigation process" (internal quotation marks and citation omitted)).

licensing and/or finance industries, including without limitation what they have personally observed to be the ordinary custom and practice in those industries." Def.'s Mot. Ex. A, at 1.

On July 14, 2017, Defendant's counsel asked Plaintiff's counsel to clarify whether Plaintiff intended to provide expert rebuttal reports for these witnesses by the July 19, 2017 deadline. Def.'s Ex. B. After Plaintiff confirmed that it would not provide expert rebuttal reports, Defendant filed the instant motion in limine.

## Discussion

Defendant asserts that Plaintiff was required to provide expert rebuttal reports for the three witnesses Plaintiff identified in its "Notice of Expert Disclosure," under Rule 26(a)(2)(B), and because Plaintiff failed to do so, the Court should preclude testimony from these witnesses. Alternatively, Defendant argues that even if Plaintiff's "experts" are not required to provide written reports under Rule 26(a)(2)(B), Plaintiff's disclosure was deficient, because, under Rule 26(a)(2)(C), Plaintiff was required to include in its disclosure the (i) subject matter on which each witness is expected to present evidence under Federal Rules of Evidence 702, 703, or 705, and (ii) a summary of the facts and opinions to which each witness is expected to testify.

In response, Plaintiff asserts that it was not required to provide expert rebuttal reports for its "Rule 701 Expert Witnesses,"[2] because these witnesses will "express no opinions." Pl.'s Resp. 1. Plaintiff represents that none of its three potential rebuttal witnesses "have (a) read any papers filed in this action; (b) read any pre-trial testimony of any witness; or (c) been asked to express any opinion about any matter relating to this case." Id. Additionally, Plaintiff attached to its response the first 30 pages of Defendant's Expert Witness, Mr. Seltzer's report, and with it included an example of the kind of testimony that these rebuttal witnesses would provide. Plaintiff points to Mr. Seltzer's statement in his report, that in his experience, factoring agreements "rarely come[] up in the Licensee-Licensor relationship" and that in his 25 years of experience, his involvement has been limited to "one factoring agreement which was a broader, more complex, financing arrangement that required consent from the Licensor." Id. at 2 (emphasis omitted). Plaintiff represents that it anticipates that Mr. La Lota would testify that, according to his observations, factoring agreements are quite common in the License-Licensor relationship. Id. at 2-3. Plaintiff argues that this type of testimony, is "not an opinion" but rather is "personal observation and experience of an industry professional" and is thus admissible under Federal Rule of Evidence 701. In its reply, Defendant argues that Plaintiff's "reliance upon Rule 701 of the Federal Rules of Evidence is unavailing" because Plaintiff's witnesses "are being called upon to testify as experts." Def.'s Reply 2.

Rule 26(a)(2) governs the disclosure of expert testimony. Specifically, Rule 26(a)(2)(A) provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Rule 26(a)(2)(B) further provides for a written expert report stating:

> Unless otherwise stipulated or ordered by the court, [expert] disclosure must be accompanied by a written report – prepared and signed by the witness – if the

---

[2]     Federal Rule of Evidence 701 governs "Opinion Testimony by Lay Witnesses," although Plaintiff refers to its witnesses as Rule 701 "Expert" Witnesses throughout its response.

witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.

In circumstances where an expert witness is not required to provide a written report, the disclosure must state "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and "a summary of the facts and opinions to which the witness is expected to testify." RCFC 26(a)(2)(C).

Federal Rules of Evidence 701 and 702 govern the admissibility of opinion testimony offered by lay witnesses and expert witnesses respectively. While the line between lay witness opinion testimony and expert witness testimony is not always clear, drawing such a distinction is crucial in order to ensure that Rule 26's disclosure requirements for experts are properly applied.

Federal Rule of Evidence 701 provides:

If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:

(a) rationally based on a witness's perception;
(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue;
(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. If a witness's testimony fails to meet any one of the three foundational requirements, it is not admissible. See id. "The burden is on the proponent to provide adequate foundation for the testimony." United States v. Freeman, 730 F.3d 590, 595-96 (6th Cir. 2013) (citing United States v. Grinage, 390 F.3d 746, 749 (2d Cir. 2004)). Lay opinion testimony is permitted under Rule 701 because it describes something a trier of fact could not otherwise experience by "drawing upon the witness's sensory and experiential observations that were made as a first-hand witness to a particular event." United States v. Jayyousi, 657 F.3d 1085, 1120 (11th Cir. 2011) (Barkett, J., concurring in part and dissenting in part).

Conversely, Federal Rule of Evidence 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

The Advisory Committee Notes to the 2000 Amendment of Rule 701 provide additional guidance on the distinction between lay witness opinion testimony and expert testimony, stating that "the distinction between lay and expert witness testimony is that lay testimony 'results from a process of reasoning familiar in everyday life,' while expert testimony 'results from a process of reasoning which can be mastered only by specialists in the field.'" RP1 Fuel Cell, LLC v. United States, 120 Fed. Cl. 288, 319 (2015) (quoting 2000 Advisory Committee Notes). The Advisory Committee Notes further discuss the requirements of Rule 701, explaining that "(a) is the familiar requirement of first-hand knowledge or observation," see Jayyousi, 657 F.3d at 1120-21 (emphasis omitted) (citing 2000 Advisory Committee notes), and that "the addition of section (c) is intended to 'eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing' thereby avoiding the requirement of disclosing expert witnesses." See First Annapolis Bancorp, Inc. v. United States, 72 Fed. Cl. 204, 207 (2006) (internal footnote omitted) (citing 2000 Advisory Committee Notes). In United States v. Henderson, the Court held that the "essential difference" between expert and lay opinion witnesses is the expert's ability to answer hypothetical questions. 409 F.3d 1293, 1300 (11th Cir. 2005) (internal alteration, quotation marks, and citation omitted).

It appears that Plaintiff anticipates eliciting these witnesses' personal observations based upon their experience in the industry to counter or clarify factual assumptions made by Defendant's expert. This type of lay testimony is acceptable under Rule 701. The fact that a witness has specialized knowledge does not necessarily preclude the witness from testifying under Rule 701, but the testimony must not be "rooted exclusively in [the witness's] expertise . . . ." Bank of China, N.Y. Branch v. NBM LLC, 359 F.3d 171, 181 (2d Cir. 2004) (excluding testimony of an employee assigned to investigate defendant when the testimony reflected the employee's specialized knowledge in international banking rather than knowledge gained in the course of his investigatory work); Teen-Ed, Inc. v. Kimball Int'l, 620 F.2d 399, 402-03 (3d Cir. 1980) (explaining "[t]he fact that [the witness] might have been able to qualify as an expert witness on the use of accepted accounting principles in the calculation of business losses should not have prevented his testifying on the basis of his knowledge of appellant's records about how lost profits could be calculated from the data contained therein").

The Federal Circuit, in Union Pacific Resources Co. v. Chesapeake Energy Corp., recognized that lay opinion testimony based upon extensive experience in an industry is admissible under Rule 701 and permitted eight witnesses with experience in the drilling industry to testify based on their own personal experiences as employees of major oil drilling companies. 236 F.3d 684, 693 (Fed. Cir. 2001); see also Farner v. Paccar, Inc., 562 F.2d 518, 529 (8th Cir. 1977) ("We agree with the trial court that [the witness], who had been in the trucking business almost thirty years [,] . . . could testify as to the simple use of the safety chains . . . as a lay witness speaking within his own knowledge and perception . . . .").

In a similar vein, the Second Circuit held that where "a witness derives his opinion solely from insider perceptions of a conspiracy of which he was a member, he may share his perspective as to aspects of the scheme about which he has gained knowledge as a lay witness subject to Rule 701, not as an expert subject to Rule 702." United States v. Yannotti, 541 F.3d 112, 126 (2d Cir. 2008). There, the court found testimony of the witness to be rationally based on his own perception because "it derived from his direct participation in the loansharking activities of the charged enterprise," but "not on participation in the loansharking activities of some unrelated criminal

scheme." Id. at 125-26.  So too has the First Circuit allowed lay witnesses to express opinions about a business when the opinions were "based on the witness's own perceptions and knowledge and participation in the day-to-day affairs of [the] business." United States v. Munoz-Franco, 487 F.3d 25, 35 (1st Cir. 2007) (alteration in original) (internal quotation marks and citations omitted).

Courts have admitted opinion testimony from lay witnesses even when based on the witnesses' experience or knowledge obtained in their profession, rather than on their own "observations and personal perceptions respecting the incident in question . . . ."  4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 701.03[1].  In Global Computer Enterprises, Inc. v. United States, the Court of Federal Claims accepted lay opinions regarding contracts related to audit-supporting financial management systems as factual in nature and "based entirely upon personal experience and observations obtained through the declarants' line of work."  88 Fed. Cl. 52, 68 (2009).  The Court held that "where the testimony is based upon personal knowledge of the facts underlying the opinion and the opinion is rationally related to the facts, a lay witness may 'under certain circumstances[,] express an opinion even on matters appropriate for expert testimony.'"  Id. at 67 (alteration in original) (quoting Soden v. Freightliner Corp., 714 F.2d 498, 511 (5th Cir. 1983)).  Here, Plaintiff designates its three rebuttal witness as "Rule 701 Expert Witnesses" who will express no expert opinions.  Pl.'s Resp. 1.

## Conclusion

Defendant's motion in limine to preclude Plaintiff from introducing the testimony of Robert Stock, John La Lota, and Michael Setola is **DENIED.**  These witnesses' testimony shall be limited to their personal observations and knowledge derived from their experience within their industries.

Plaintiff's motion for sanctions is **DENIED**.

      s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**